JAMES JENSEN v. OBADIAH JORDAN.

No. 100.

1. AMBIGUOUS WRITTEN AGREEMENT—*jury's finding as to facts, approved by trial court, sustained on error if fair and reasonable.* Where two parties have made a settlement, and such settlement is evidenced by a written agreement, and such writing is indefinite as to whether all, or only a portion, of the differences existing between the parties were settled, and such issue is made and fairly presented to the jury, and their findings of fact are approved by the trial court; if such findings are a fair and reasonable deduction from the written agreement, the judgment should be affirmed.

2. BRIEFS—*without oral argument, exhaustive examination of record not made where no specification of errors.* Where a case is submitted to the Court of Appeals on written briefs without oral argument, and no specification of errors is given in the brief of plaintiff in error, this court will not make an exhaustive examination of the record for the purpose of finding errors in the proceedings of the trial court.

3. ——— *must substantially comply with rules.* In fairness to litigants and to this court, attorneys, in the preparation of briefs, must substantially comply with the rules of practice. This court does not look with favor upon technicalities, but it is not technical to insist on a substantial compliance with the rules of practice. The rules of this court are necessary for the dispatch of business.

Error from Brown District Court. Hon. J. F. Thompson, Judge. Opinion filed April 30, 1897. *Affirmed.*

This was an action by the defendant in error to recover a sum which he claimed was due him from the plaintiff in error under a certain agreement in writing which is set out below.

From the evidence it appears that, about May, 1888, Jordan, the defendant in error, exchanged with Jensen, the plaintiff in error, real estate for wheat in the stack and granary. That there was afterwards a dispute between them in regard to this exchange of property, and that, on the twenty-seventh of September, 1888, they had a settlement, and, to some extent at least, adjusted their differences; at which time the following agreement was made by the parties in relation thereto :

"This is to show that whereas, heretofore between James Jensen and O. Jordan there has been a difference in regard to a wheat and land trade of the amount of $810 ; and whereas by a mutual agreement and final settlement of this matter of difference between them, this day made and adjusted, James Jensen agrees on his part to give O. Jordan credit for $440 on account, and O. Jordan accepts the same in full settlement so far as the $810 is concerned ; both parties do hereby agree, and bind themselves, their heirs and executors, to abide by the same, and neither in future is to bring in or set up any claim touching the $810 difference between them, touching the difference in measurement of grain in wheat bin, or barn, as their differences have this day been adjusted between the parties satisfactorily so far as referred to above and no further."

The only dispute between the parties in the trial court seems to have been as to the scope and extent of this settlement. Jordan claimed that this settle-

ment on the twenty-seventh of September, 1888, was a settlement and adjustment in full of the many differences growing out of the transaction between the parties, and the finding of the amount due from Jensen to himself; that by the settlement and adjustment there was found, and it was agreed, that Jensen owed him $440. While Jensen claims that the only matter in dispute at the time the written agreement was made, was as to the amount and measurement of the wheat; that this wheat dispute was settled by the parties, and that on that account only Jensen owed plaintiff $440, as stated in the written agreement, on account of a mistake and shortage in the wheat alone. The defendant, Jensen, further claimed that on account of other items, which were not adjusted between the parties, the plaintiff, Jordan, owed the defendant $570.13, after allowing credit for the $440 on the agreement made by the parties as to the shortage in wheat.

The case was tried before the court and a jury and resulted in a verdict in favor of the defendant in error for $509.61, upon which judgment was entered. The plaintiff in error's motion for a new trial was overruled, and, excepting to that ruling, he brought this proceeding in error.

*S. L. Ryan*, for plaintiff in error.

*Jas. Falloon*, for defendant in error.

McElroy, J. This case was submitted on written briefs, without oral argument. From an examination of the record we are unable to find that any substantial errors were committed by the trial court, and none are pointed out by the plaintiff in error. We are unable to say, from an examination of the plaintiff in error's brief, what errors are claimed to have been

76      JENSEN v. JORDAN.

N. Dept.      Opinion.   McElroy, J.      5 Kan. App.

committed by the trial court. He filed for his brief, "A statement of the case" containing sixteen pages, which is divided into two departments · *First*, six pages, "Statement of the case ;" *second*, ten pages of "Argument." The brief presented does not comply with rule six of the rules of practice of this court.

These rules were established, after mature deliberation and thought, for the purpose of enabling litigants to fairly present their cases to this court. They were established for the purpose of being complied with, and attorneys, in the preparation of briefs, must substantially comply with them, in fairness to litigants and to this court. Courts do not look with favor upon mere technicalities ;· but it is not technical to insist upon a substantial compliance with the court's rules of practice. These rules are necessary for the better understanding of the errors complained of, and for the dispatch of business.

The issue was fairly presented to the jury. The written agreement of the parties was before the court and jury ; the jury found that all the differences between the parties were settled at the time this written agreement was made. The jury allowed Jordan the sum the parties agreed on, viz. : $440, with interest from September 27, 1888.

The trial court heard all the testimony in this case and approved the verdict of the jury. We have examined all the testimony offered on the trial, and from such examination we are of the opinion that the verdict of the jury is supported by a preponderance of the evidence, and that the verdict is right and proper. The judgment is equitable and just, and the verdict is such as should have been rendered in the case.

As there are no errors apparent in the record, the judgment of the court below will be affirmed.